UNITED STATES DISTRICT COURT
OF MASSACHUSETTS (BOSTON)
FILED
IN CLERKS OFFICE

2020 JAN 23 PM 2: 22 Case no. _____

Emmanuel EVARISTE
(Petitioner)

V.

CommonWealth
of
Massachusetts
(Respondent)

U.S. DISTRICT COURT
DISTRICT OF MASS.

## Petition for Review 2254

### Background

Here comes Petitioner EVARISTE with a habeas petition filed
pursuant to 28 U.S.C § 2254. the petitioner is seeking a rule 4
review. The petitioner seek an urgent action. Petitioner is an
immigration detainee at SCDOC (Strafford County Jail) who
has exhausted all remedies to a post-conviction. The petitioner
filed 6 consecutive post-conviction motions that were each
denied with no explanation attached. Petitioner was convicted
of 6 drug distribution and possession w/ intent offenses. Petitioner
is seeking to vacate the 2 plea deals that landed the petitioner 6
felony convictions. The petitioner was off his mental illness medication
of prozac (Flurexotine) during the two pleas. The petitioner was in
custody during the two pleas and the jail he was housed at refused
to provide him with his medication. they refused to obtain his
medical record. The petitioner filed numerous complaint against

Page 1

Naphcare who was the medical provider at South Bay House of Correction where Petitioner was in custody during both pleas. The petition has filed 6 previous post-conviction motion that were denied.

<u>Discussion</u>

Petitioner was prescribed Prozac (Flurexotine) by Massachusetts General Hospital from 2010 to 2018. The Petitioner has requested medical records from the hospital to provide to this court. The only lapse in the time that Petitioner failed to receive his mental illness medication of prozac was during his incarceration at south Bay House of Correction during his 2 pleas

On  August 9, 2017, Petitioner was in custody at South Bay Jail and the jail failed to provide petitioner with his medication. The petitioner was coerced to take a plea at Boston Municipal court on matter 1701CR001418 and 1701CR003151. The petitioner made his attorney Stephen Gomes aware he was not provided his medication but the attorney pressure the petitioner to plea guilty. When the petitioner is without medication, he suffered from severe symtoms of paranoia. The petition may hear alternate voices in his head. The Petitioner plead guilty to 4 offenses.

On September 27, 2018, Petitioner was again in custody at South Bay Jail and the jail again failed to provide Petitioner with his mental illness medication prozac. Petitioner had requested the medication through intake and several grievances. The petitioner was coerced into another plea at Boston Municipal court on matter 1801CR001432 and 1801CR002697,

The petitioner's attorney John O'Neil coerced the petitioner into an illegal probation deal. The probation deal of September 27, 2018 was illegal pursuant to Rule 7 of Mass. Rules Crim. Proc. Rule 7 (d)(v) state that it is illegal to put two probation deal together without the first probation deal being ordered fully executed. Petition Plead guilty to additional 2 offenses.

The previous probation deal of August 9, 2017 was scheduled a probation sentence to be over August 9, 2019. However the petitioner entered a new probation deal on September 27, 2018 the judge reprobate the petitioner without ordering him to comple the previous probation. The Petitioner probation officer Gordan Dimbrosio stated to Judge Horgan that the probation deal is illegal because can reprobate two probation deals without the first one ordered fully executed. but the judge silenced the probation officer.

## Summary

In Summary the petitioner plead guilty on August 9, 2017 to matter 1701CR001418 to one count of distribution of class B and one count of possession to distribute Class B. On August 9, 2017 the petitioner also plead guilty to matter 1701CR003151 to one count of distribution of Class B and one count of possession to distribute class B. The petitioner was off his meds for mental illness prozac. South Bay Jail refused to provide petitioner with his meds although many grievances were filed and petitioner had made the jail aware of his medication during intake.

In Summary the petitioner plead guilty on September 27, 2018 to matter 1801CR001432 to one count of possession w/intent to distribute class B. On September 27, 2018, petitioner plead guilty to matter 1801CR002697 to one count of possession w/intent to distribute class B. The petitioner was off his meds for mental illness prozac. South Bay Jail refused to provide petitioner with this meds although many grievances were again filed and petitioner had made the jail aware of his need for his medication during intake

## Grounds to vacate

1. The petitioner was off his meds during both pleas of August 9, 2017 and September 27, 2018. It is well documented. The only lapse in the petitioner medical record of receiving his prescription is during his incarceration. Jail records will prove the facility failed to provide inmate with his medication. There were numerous grievances file in the period pertaining to dates of both pleas August 9, 2017 and September 27, 2018.

2. The plea deal of September 27, 2018 was an illegal reprobation deal pursuant to Massachusetts Rules Crim. Proc 7(D)(v) which states a statuorty requirement to have a previous plea deal ordered fully executed before entering a new plea deal (Holmgren v. Commonwealth).

3. The third ground to vacate this plea is in each matter 1701CR001418, 1701CR003151, 1801CR001432, and 1801CR002697, the plaintiff had the opportunity to get the charges dismissed on a motion to suppress. In none of these case did police witness a hand to hand transaction, this was confirm through each case police report. Therefore each matter was a circumstance subject to grounds of illegal search and seizure. Therefore the evidence would be suppressed. The petitioner had an opportunity to be granted dismissal of the offenses.

## Conclusion

The petitioner is asserting his Fifth Amendment rights were violated. He was deprived of his prescribed medication for his mental illness (Prozac). He has medical records and jail records to prove this. These plea deal were void since they are part an illegal action, even the petitioner probation officer raise the issue to the sentencing Judge. The plea transcript will prove this aswell. There was also grounds for a motion to suppress in each matter in those plea deal. The petitioner's both attorney coerced him into those plea. They also failed to discuss Alien status warning with the petitioner on both pleas. For those reasons set forth, Petitioner is seeking to vacate both of his pleas on August 9, 2017 and September 27, 2018.

Respectfully Submitted

Emmanuel Evariste
1-20-20