UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
EMMANUEL EVARISTE,            )
                             )
          Petitioner,        )
                             )
     v.                      )    CIVIL ACTION NO.
                             )    20-10151-DPW
COMMONWEALTH OF MASSACHUSETTS, )
                             )
          Respondent.        )
```

MEMORANDUM AND ORDER
May 23, 2022

Petitioner Emmanuel Evariste, appearing *pro se*, seeks a writ of federal habeas corpus pursuant to 28 U.S.C. § 2254 to challenge six drug convictions in Boston Municipal Court. The convictions at issue were based on separate plea agreements into which Mr. Evariste entered respectively on August 9, 2017 and September 27, 2018.

Following his September 2018 convictions, Mr. Evariste, acting *pro se*, pursued six motions for post-conviction relief in Boston Municipal Court. Each motion separately sought to withdraw one of his 2017 and 2018 guilty pleas, all of which he asserted were neither knowing nor voluntary. The motions were denied in the Boston Municipal Court on July 24, 2019. In November of 2020, Mr. Evariste took an expedited appeal of his post-conviction motions to the Massachusetts Appeals Court.

The Appeals Court on January 29, 2021, affirmed the denial

of Mr. Evariste's motions to withdraw his pleas.  [Mass. App.
Ct. Dkt. No. 2020-P-1347]  *See Commonwealth* v. *Evariste*, 162
N.E.3d 100 (Table), 2021 WL 303434, at *1 (Mass. App. Ct. 2021)
(unpublished disposition).  Mr. Evariste then filed multiple
iterations of a motion for reconsideration in the Appeals Court,
all of which were also denied.  Thereafter, he sought and was
denied leave to obtain further appellate review by the Supreme
Judicial Court in February of 2021.  [SJC Dkt. FAR-28080.]  The
Appeals Court issued a notice to Mr. Evariste on March 3, 2021,
informing him that the matter was closed.

Meanwhile, Mr. Evariste had filed the instant petition for
federal habeas corpus on January 23, 2020, before appealing the
denial of his post-conviction motions in state court.  Mr.
Evariste here challenges his six felony convictions on several
grounds, grounds which he did not raise legibly in his state
court appeal and were not addressed on their merits by the state
courts.

Upon threshold review,[1] I will dismiss Mr. Evariste's
petition because the record establishes he failed to exhaust the

---

[1] Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases
under Section 2254, when a preliminary review of a habeas
petition on its face reveals that the petitioner is not entitled
to federal habeas relief, the district court may, in its
discretion, dismiss his petition before serving the would-be
Respondent.  *See* 28 U.S.C. § 2243; *see also* Rule 1(b) of the
Rules Governing Habeas Corpus Cases Under Section 2254 (the
district court may apply Rule 4 in its discretion).

claims he now asserts before me in state court.  Moreover, to
the extent Mr. Evariste could be said to have raised any of the
claims he now presses here and thereafter somehow to have
exhausted them in state court, they are claims that do not merit
federal habeas relief.

### I. BACKGROUND

On August 9, 2017, Mr. Evariste pled guilty to two counts,
a charge of distribution of a class B controlled substance and a
charge of possession with intent to distribute a class B
controlled substance, in violation of MASS. GEN. LAWS ch. 94C
§ 32A(a).[2]  *See generally Commonwealth* v. *Evariste*, No.
1701CR001418 (Bos. Mun. Ct. Aug. 9, 2017).  On the same date, he
pled guilty to violations of the same two felony provisions in a
separate matter, also in Boston Municipal Court.  *Commonwealth*
v. *Evariste*, No. 1701CR003151 (Bos. Mun. Ct. Aug. 9, 2017).  Mr.
Evariste received concurrent suspended sentences of two years in
those two matters.  Mr. Evariste was sentenced to terms of
probation running from August 9, 2017 to August 7, 2019.

---

[2] Mr. Evariste did not include any relevant materials generated
in his state matters, e.g., dockets, motions, briefs, decisions,
in his submissions to this court.  Nevertheless, these materials
are essential to Mr. Evariste's habeas petition and I consider,
by taking judicial notice of, them in this Memorandum.  *See
Leiva* v. *DeMoura*, No. CV 20-11367-PBS, Slip op. at *1 n.1 (D.
Mass. May 10, 2021).

The following year, Mr. Evariste was charged in two new matters in Boston Municipal Court. *See generally Commonwealth* v. *Evariste*, Nos. 1801CR001432, 1801CR002697 (Bos. Mun. Ct. Sept. 27, 2018).  On September 27, 2018, he pled guilty to one charge of possession with intent to distribute a class B controlled substance, MASS. GEN. LAWS ch. 94C § 32A(a) in his first matter. *Commonwealth* v. *Evariste*, No. 1801CR001432 (Bos. Mun. Ct. Sept. 27, 2018).  On the same date, he pled guilty to a violation of the same felony provision in the second matter. *Commonwealth* v. *Evariste*, No. 1801CR002697 (Bos. Mun. Ct. Sept. 27, 2018).  He received sentences of two years of incarceration with six months to serve and the balance to be suspended in each of these matters, to be served concurrently.  Mr. Evariste's sentences in these 2018 matters each included a term of probation ending March 25, 2020.

Based on his September 27, 2018 convictions, Mr. Evariste admitted on the same day to having violated the probation provisions in his August 2017 convictions and waived his rights to hearings on those matters. *Evariste*, Nos. 1701CR001418, 1701CR003151.  Mr. Evariste was sentenced on these probation violations on December 3, 2018. *Id.*  Despite these admitted violations, Mr. Evariste's probation was not revoked, and he was not required to serve the balance of his 2017 suspended sentence in addition to his new sentence for his 2018 convictions. *Id.*

Instead, the court extended his term of probation on the August
2017 matters from August 9, 2017 to March 25, 2020.  Mr.
Evariste remained on probation for these convictions until March
25, 2020 and was formally discharged in April 2020.  *Id.*

Mr. Evariste was a legal permanent resident at the time of
his pleas.  Following his convictions, the Department of
Immigration and Customs Enforcement detained Mr. Evariste.  The
government commenced removal proceedings against him in
Immigration Court in December of 2018.   The Immigration Court
found Mr. Evariste removable pursuant to the Immigration and
Nationality Act, Section 237(a)(2)(A)(iii), 8 U.S.C. § 1227, and
ordered his removal to Haiti in June of 2019.  Mr. Evariste
appealed that order of removal to the Board of Immigration
Appeals.  The Board dismissed Mr. Evariste's appeal on December
11, 2019 and the order for Mr. Evariste's removal became final
pursuant to 8 C.F.R. § 1241.1(a).  *See generally Evariste* v.
*Dep't of Homeland Security*, No. 1:19-cv-11144-DJC (ECF No.
40)(D. Mass. Nov. 15, 2019).

In a separate civil proceeding assigned to another session
in this court, Mr. Evariste pursued countless unsuccessful
motions to appeal his removal, reopen removal proceedings, to
terminate removal proceedings, and to stay removal.[3]  It is

---

[3] Mr. Evariste filed *pro se* a petition for a writ of habeas

apparent now Mr. Evariste seeks in this session federal habeas relief from the convictions resulting from his 2017 and 2018 guilty pleas as another means to challenge his removability. [See Dkt. Nos. 2 at 1, 6 at 1.]

## A.    *Post-Conviction Travel of the Case*

Following his 2018 convictions and detention by Immigration and Customs Enforcement, Mr. Evariste filed six motions for post-conviction relief in rapid succession.[4]  [Commonwealth App'x to Appeals Court, No. 2020-P-1347, ("App'x") 83-100.]  Each of Mr. Evariste's motions asserted the same core claims: 1) that

---

pursuant to 28 U.S.C. § 2241 before Judge Casper in 2019, followed by a "Motion for Order to Terminate Removal Proceedings and Reinstate Immigration Status". *Evariste* v. *Dep't of Homeland Sec.*, No. 1:19-cv-11144-DJC (D. Mass. filed May 20, 2019).  His petition and motion were denied.  *Evariste v. Dep't of Homeland Security*, No. 1:19-cv-11144-DJC (ECF No. 40) (D. Mass. Nov. 15, 2019).

After the dismissal of his initial claims, Mr. Evariste submitted motions to reopen, to reconsider, and to obtain injunctive relief, all relating to the Immigration Court's order of removal regarding him.  Judge Casper noted that Mr. Evariste's "numerous post-dismissal motions" warranted an order enjoining him from filing any further motions.  Judge Casper cautioned Mr. Evariste that if he filed "further frivolous and vexatious filings in this dismissed action, the Court will take" that step.  *Evariste v. Dep't of Homeland Security*, No. 1:19-cv-11144-DJC (ECF No. 71) (D. Mass. March 26, 2020).

[4] On June 6, 2019, Mr. Evariste filed a Motion to Withdraw Guilty Pleas as to all six of his convictions.  [App'x 83-85.]  Weeks later, he filed another Motion to Withdraw Guilty Pleas.  [App'x 87-89.]  Mr. Evariste filed an Affidavit (Withdraw Guilty Plea) which he then amended to be Motion for New Trial on July 8, 2019.  [App'x 90-93.]  Mr. Evariste filed a Motion for A New Trial (Rule 30) seeking to vacate his convictions under Mass. R. Crim. P. 30 on July 11, 2019. [App'x 98.]

his pleas were not knowing and voluntary because he lacked a full understanding of the immigration consequences of his pleas; 2) that plea counsel provided ineffective assistance by advising him, without knowing his immigration status, to plead guilty to offenses that could result in his deportation; and 3) that he was deprived of his due process rights and faced possible removal from the United States as a result.  [App'x 83-99.]

Judge Coyne, who received Mr. Evariste's September 2018 pleas, considered Mr. Evariste's post-conviction motions together and summarily denied them on July 24, 2019.  [App'x 98.]  Mr. Evariste responded to Judge Coyne's order with a second wave of post-conviction motions challenging his convictions on the same grounds previously asserted.[5]  Each was denied.  *See Commonwealth* v. *Evariste*, 2021 WL 303434, at *1 n.1.

On January 23, 2020, before appealing the denial of his post-conviction motions, Mr. Evariste filed the instant petition for federal habeas relief.  In the five months that followed, Mr. Evariste filed several more substantive motions and

_____

[5] In his first Boston Municipal Court matter, for example, Mr. Evariste filed six more motions requesting the court reconsider the prior denial of his motion to withdraw his pleas, [Papers 33, 38, 40], to vacate his convictions [Paper 34], to amend his convictions [Paper 36], and to overturn his convictions [Paper 37].  *See Commonwealth* v. *Evariste*, No. 1701CR001418 (Bos. Mun. Ct. Mar. 17. 2017).

affidavits in this session requesting vacatur of his state convictions.[6]  [Dkt. Nos. 6, 9, 12, 13.]

On December 28, 2020, Mr. Evariste filed in the Massachusetts Appeals Court a Motion for a Preliminary Injunction to Vacate Convictions.  A Single Justice of the Appeals Court denied that motion on December 31, 2020.  [Mass. App. Ct. Dkt. No. 2020-P-1347.]  Five days later, without counsel or a fully assembled appellate record, Mr. Evariste sought an expedited appeal of the denial of his motions to withdraw his guilty pleas.  The Appeals Court permitted the expedited appeal and affirmed the Boston Municipal Court's decision to deny Mr. Evariste's motions.  *Evariste*, 2021 WL 303434, at *2.

## B.    *Mr. Evariste's State Court Appeal*

Mr. Evariste raised a single substantive claim in his brief to the Appeals Court: that his plea counsel, Attorneys Stephen Gomes (2017 matters) and John J. O'Neil (2018 matters), failed

---

[6] Between January and June of 2020, Mr. Evariste filed Motions for Leave to Proceed in forma pauperis [Dkt. Nos. 4, 7]; an Affidavit of Due Process Claim [Dkt. No. 6]; an Affidavit of State-created-danger [Dkt. No. 9]; a Motion for Leave to Proceed in forma pauperis and Request to issue order to retrieve lower Court records and respondent response [Dkt. No. 10]; a Motion for Request for Judgment [Dkt. No. 12]; an Emergency Motion for Expedited Review and Preliminary Injunctive Relief and Declaratory Judgment in light of new circumstances [Dkt. No. 13]; and an Urgent Motion to Reassign this action from Magistrate to trial Judicial Officer [Dkt. No. 14].

to advise him of the immigration consequences that he, as a non-
citizen, could incur by pleading guilty to the September 2018
drug offenses.  According to Mr. Evariste, neither attorney even
asked him about his immigration status.  Relying on the Supreme
Court's holding in *Padilla* v. *Kentucky*, 559 U.S. 356 (2010), Mr.
Evariste asserted that plea counsel provided him
constitutionally deficient assistance and he was entitled to
withdraw his pleas as a result.

The Appeals Court rejected Mr. Evariste's *Padilla* claim
because he had "made no showing of prejudice" from counsel's
immigration advice or lack thereof.  The Appeals Court found Mr.
Evariste had presented no rational basis to conclude he would
have rejected the plea agreements, even had he known that
conviction would result in deportation.  2021 WL 303434, at *2.

Undeterred, Mr. Evariste filed three motions for
reconsideration in the Appeals Court, followed by an Urgent
Request for Judgment.  The Appeals Court denied those motions
and Mr. Evariste applied for leave to obtain further appellate
review in the Supreme Judicial Court on February 10, 2021.  In
his application for further appellate review, Mr. Evariste
argued again that his attorneys failed to provide him effective
assistance as defined in *Padilla*.  He also raised a claim he had
not included in his brief to the Appeals Court: that he received
an "illegal sentence" of probation when he pled guilty in his

2018 matters because he was sentenced to overlapping terms of probation in his 2017 and 2018 matters.[7]  The Supreme Judicial Court denied further appellate review.  On March 3, 2021, the Appeals Court issued its notice stating "[t]his case is closed. No action will be taken by the court on this or any future filing in this matter."

## C.   *Mr. Evariste's Petition for Writ of Habeas Corpus*

Mr. Evariste filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 now before me on January 23, 2020, while still actively litigating his motions for post-conviction relief in the state courts.  Because this petition — along with his appellate and post-conviction submissions in the state courts — was filed by him without the benefit of counsel, I "construe his pleadings liberally" and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 93 (2007)(per curiam).

Accordingly, I read Mr. Evariste's petition and supporting submissions to raise the following claims for federal habeas relief: a) that while in custody immediately before pleading guilty in each of his matters, Mr. Evariste was denied access to prescribed psychiatric medications that he needed in order to

---

[7] As further discussed in Section II.A.2, Mr. Evariste referenced his illegal sentencing claim sporadically in submissions to the Appeals Court, but only presented the claim in post-appeal motions for discretionary relief pursuant to Mass. R. App. P. 27.

make the knowing and voluntary decisions; b) that he received
ineffective assistance of counsel because plea counsel failed to
suppress damaging evidence found on his person; c) that his
attorneys coerced him to enter guilty pleas; d) that he received
an "illegal" sentence of probation following his convictions on
September 27, 2018; and e) that his attorneys deprived him of
his Sixth Amendment right to counsel by failing to warn him of
the immigration consequences of his pleas.

## II. DISCUSSION

A petitioner may seek habeas corpus relief from his state
convictions in federal court in circumstances specified in 28
U.S.C. § 2254, as amended by the Antiterrorism and Effective
Death Penalty Act of 1996 (AEDPA).  Under AEDPA, a petitioner
must demonstrate that the state courts' adjudication of his
case:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or (2) resulted in a
> decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  A legal or factual error by the
state courts in their analysis of a petitioner's claims will not
necessarily entitle him to relief in federal court.  A writ of
habeas corpus pursuant to Section 2254 will only issue if a
petitioner can "show that the challenged state-court ruling

11

rested on an error well understood and comprehended in existing
law beyond any possibility for fairminded disagreement."
*Metrish* v. *Lancaster*, 569 U.S. 351, 358 (2013) (quoting
*Harrington* v. *Richter*, 562 U.S. 86, 103 (2011)).

**A.    The Exhaustion Requirement**

Section 2254(b) requires a petitioner to exhaust his
remedies in the state courts before he can seek federal habeas
review of his case.   28 U.S.C. § 2254(b)(1)(A); *Nadworny* v.
*Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989).   The federal habeas
review provided for in § 2254 exists "to rescue those in custody
from the [the state courts'] failure to apply federal rights,
correctly or at all."   *Nadworny*, 872 F.2d at 1096.   Before
resorting to this rescue mechanism, a petitioner must present
the factual and legal bases of his federal claims to the state
courts so that they are afforded the first opportunity to
consider the relevant federal rights and, if appropriate, grant
relief.   *Adelson* v. *DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997).
This exhaustion requirement serves "the interests of comity and
federalism" that are essential to federal habeas corpus review
under AEDPA.   *Clements* v. *Maloney*, 485 F.3d 158, 162 (1st Cir.
2007); *see also Rashad* v. *Walsh*, 300 F.3d 27, 41 (1st Cir.
2002).

Accordingly, the federal courts "have enforced the
exhaustion requirement consistently and rigorously."   *Adelson*,

131 F.3d at 262.  A petitioner's claims will only be found exhausted when they have been presented 1) "fairly and recognizably," 2) to the highest court of the state,[8] 3) "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question."  *Janosky* v. *St. Amand*, 594 F.3d 39, 50 (1st Cir. 2010) (internal citations and quotations omitted).

> 1.  <u>Mr. Evariste Failed to Exhaust Claims Raised for the First Time Before this Court</u>

Mr. Evariste made numerous submissions — through briefs, affidavits, and motions — in the state courts, including in the Appeals Court and the Supreme Judicial Court.  After a careful review of these submissions, however, I conclude that Mr. Evariste plainly failed to exhaust nearly all of his federal claims now raised before me.

> a.  *Deprivation of Prescribed Medication*

Mr. Evariste asserts for the first time before this court — never having done so before the state courts considering his motions to withdraw his pleas — that his pleas were involuntary because he "wasn't being provided with his prescribed mental health medication," while in custody just before he pled guilty.

---

[8] "Even if the SJC declines to grant review . . . the petitioner must have fairly presented the federal claim within the four corners of his ALOFAR [application for discretionary leave to obtain further appellate review to the SJC]."  *Janosky* v. *St. Amand*, 594 F.3d 39, 50 (1st Cir. 2010).

Nowhere in his brief before the Appeals Court or his application for further appellate review before the SJC did Mr. Evariste so much as mention being deprived of necessary psychiatric medications.  Because the factual and legal bases of this claim have not been presented to and ruled upon by the state courts, it will be dismissed as unexhausted.

      *b.   Attorneys' Failures to File Motions to Suppress*

     Mr. Evariste also asserts for the first time before me that his attorneys neglected to file potentially meritorious motions to suppress evidence seized during his arrests.  Their failures, he contends, deprived him of the effective assistance of counsel guaranteed to him by the Sixth Amendment.  Mr. Evariste assumes that had his proposed motions to suppress been filed, he would have "had the opportunity to get the charges [in all four matters] dismissed on a motion to suppress." [Dkt. No. 1 at 5.] This claim involves a ganglion of factually complex issues that must be developed in the state courts, specifically the state trial court.[9]  *Gunter* v. *Maloney*, 291 F.3d 74, 81 (1st Cir.

---

[9] To be clear, Mr. Evariste's descriptions of the circumstances of his arrests in his post-conviction motions did not "fairly and recognizably present[] to the state courts the factual and legal bases of this federal claim."  *Adelson* v. *DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997); *see Clements* v. *Maloney*, 485 F.3d 158, 162 (1st Cir. 2007) ("It is . . . clearly inadequate to simply recite the facts underlying a state claim, where those facts might support either a federal or state claim.").  Such

2002)("The factual development for an ineffective assistance claim. . . should occur in the state court system.").  I will not consider them for the first time in the context of his federal habeas petition without the benefit of the state court record and decision on the merits.

       *c.   Coercion from Plea Counsel*

       Similarly, I will not consider Mr. Evariste's claim that he was "coerced" into pleading guilty in each of his four matters. Although Mr. Evariste expressed discontent — in several of his state court submissions — with his attorneys' performance, only now has he raised claims that his attorneys coerced him by telling him "if he didn't take the plea, the Commonwealth would place him in a mental hospital" and that "the plea deal is illegal but [he] must enter[] this plea deal he will be considered a career offender."  These are claims that also would require factual determinations and credibility assessments that a court conducting a federal habeas review pursuant to Section 2254 will not undertake. *See Gunter*, 291 F.3d at 81.

      2.   <u>Mr. Evariste Failed to Present Adequately his Illegal Sentencing Claim to the State Courts</u>

       Mr. Evariste did not contend in his briefs and memoranda before the Appeals Court that his 2018 sentences constituted "an

---

generalized descriptions of arrest circumstances do not make legible how a motion to suppress might arise from them.

improper increase of his original sentence and resulted in a violation of his constitutional right not to be placed in jeopardy twice."  These claims were first raised in his post-appeal Motion for Reconsideration or Modification of Decision pursuant to MASS. R. APP. P. 27(a), and repeated in his application for leave to obtain further appellate review.  Those post-appeal efforts do not satisfy the exhaustion requirement.

It is well-established that "[r]aising a claim for the first time . . . on *discretionary* review is not fair presentation for purposes of exhaustion." *Gunter*, 291 F.3d at 81 (emphasis added)(citing *Castille* v. *Peoples*, 489 U.S. 346, 351 (1989)).  This is what Mr. Evariste did by mounting this claim for the first time in his Motion for Reconsideration pursuant to MASS. R. APP. P. 27.  Rule 27(e) states that "[a]ction upon [such] a motion is in the discretion of such appellate court," MASS. R. APP. P. 27(e).  A federal claim that first appears in a petition pursuant to Rule 27(a), as did Mr. Evariste's illegal sentencing claim, has not been fairly presented to the state courts for purposes of exhaustion. *See, e.g., Melton* v. *Russo*, No. 1:05-cv-10905-GAO, 2007 WL 2956401, at *4 (ECF No. 31)(D. Mass. Oct. 10, 2007) (citing *Gunter*, 291 F.3d at 81-82), *aff'd*, 322 F. App'x 3 (1st Cir. 2009).  Claims presented for the first time in an application for leave to obtain further discretionary appellate review in the Supreme

16

Judicial Court fare no better under the exhaustion requirement. *Gunter*, 291 F.3d at 81.  Thus, Mr. Evariste's post-appeal motions do not satisfy his obligation to present his claim to the state courts.[10]

### 3.    Consideration of Arguably Exhausted Claims

I recognize that Mr. Evariste has made extensive, if undisciplined, efforts to navigate the maze of state and federal post-conviction procedures leading to federal habeas review and has done so without counsel to explain the procedural bars to his claims.  Mr. Evariste expresses, both in his filings before

---

[10] A petitioner may be found effectively to have exhausted claims not fairly presented to the state courts by procedural default: "if it is clear that the state court would hold the claim procedurally barred," a petitioner may be found to have exhausted the claim.  *Hall* v. *DiPaolo*, 986 F.2d 7, 10 (1st Cir. 1993) (per curiam) (quoting *Harris* v. *Reed*, 489 U.S. 255, 263 n.9 (1989)); *see Melton* v. *Russo*, 1:05-cv-10905-GAO, 2007 WL 2956401, at *4 (ECF No. 31)(D. Mass. Oct. 10, 2007) ("the [unpresented] claim may be regarded now as effectively exhausted because it would be procedurally barred under Massachusetts law.").  However, a petitioner who can only demonstrate exhaustion through procedural default must "show cause for that default and prejudice arising therefrom before the federal court may reach the merits of his habeas claims."  *Hall*, 986 F.2d at 10.

   Here, Mr. Evariste's claims based on his 2018 sentences are, at least arguably, procedurally defaulted as issues waived on direct appeal.  *See Melton*, 2007 WL 2956401, at *4 n.3.  As to whether Mr. Evariste has demonstrated cause for his failure to raise the claim in his brief to the Appeals Court, I need not decide the question because I find, as discussed in Section II.B.1, that he cannot show prejudice.  Even had Mr. Evariste presented his illegal sentencing claim to the Appeals Court on direct appeal, he would not be entitled to withdraw his pleas on that basis.

this court and the state courts, his confusion and frustration at being continually unable to resolve the merits of this claim.

Before directing dismissal of Mr. Evariste's petition — as I conclude I must — I will, following my general practice, undertake as alternative grounds for disposition of his petition to provide Mr. Evariste with a clear explanation of the deficiencies in the merits of his claims. *Hernandez* v. *Commonwealth*, 234 F. Supp. 3d 316, 322 (D. Mass. 2017). "[A]s will appear, addressing the merits now will be dispositive favorably to the respondent and will avoid further and unnecessary consumption of judicial resources." *Id.* At this point, I turn to explain in Section II.B.1 why Mr. Evariste's sentencing claim would not entitle him to withdraw his guilty pleas, even had he exhausted his remedies in the state courts.[11] I then turn in Section II.B.2 to his immigration consequences claim, which was presented legibly to the Appeals Court, but is unavailing.

---

[11] I observe that Mr. Evariste referenced this same claim repeatedly in his post-appeal motions before the Appeals Court, in his application for SJC review, and in filings before Judge Casper. *See generally* Note 3 above.

18

**B.   *Mr. Evariste's Petition Fails to Meet the Substantive Requirements of § 2254***

      1.   <u>Even Had it Not Been Procedurally Barred, Mr. Evariste's Sentencing Claim Would Not Entitle him to Habeas Corpus Relief</u>

Mr. Evariste contends that his pleas entered on September 27, 2018, *see Commonwealth* v. *Evariste*, Nos. 1801CR001432, 1801CR002697 (Bos. Mun. Ct. Sept. 27, 2018), were unlawful because "it is illegal to put two probation deal[s] together without the first probation deal being ordered fully executed." [Dkt. No. 1 at 3.]  Mr. Evariste reads the Supreme Judicial Court's decision in *Commonwealth* v. *Holmgren*, 656 N.E.2d 577 (Mass. 1995) to impose a "a statutory requirement to have a previous plea deal ordered fully executed before entering a new plea deal." [Dkt. No. 1 at 4.]  Mr. Evariste misapprehends the SJC's holding in *Holmgren* and the subsequent decisions that have built upon it.  *See, e.g., Commonwealth* v. *Bruzzese*, 773 N.E.2d 921 (Mass. 2002).

*Holmgren* does not stand for the proposition that a probationer cannot be sentenced to a term of probation on a new matter until his term of probation on a previous matter is complete.  656 N.E.2d at 579.  The SJC held only that "when probation is *revoked*, the original suspended sentence must be imposed[;]" the revoking judge is not free to change the term of incarceration that was initially imposed and suspended.  *Id.*

(emphasis added).  In *Bruzzese*, the SJC extended that rule to
the context of bundled, concurrent, suspended sentences with its
holding that, when the judge orders sentences to be served
concurrently and decides subsequently to revoke probation and
execute at least one suspended sentence, "the judge has no
choice but to order the execution of all" concurrent sentences.
773 N.E.2d at 926.  In other words, under state law a defendant
could not be ordered to serve a greater term of incarceration
than that contemplated by the original concurrent suspended
sentence.  *Id.*

But *Holmgren* and *Bruzzese* do not support Mr. Evariste's
petition for a federal writ of habeas corpus.  In August of
2017, Mr. Evariste received concurrent two-year suspended
sentences and two-year terms of probation, *Commonwealth* v.
*Evariste*, Nos. 1701CR001418, 1701CR003151 (Bos. Mun. Ct. Aug. 9,
2017).  While serving terms of probation on the 2017 matters,
Mr. Evariste was convicted of two new offenses in September of
2018. *Commonwealth* v. *Evariste*, Nos. 1801CR001432 and
1801CR002697 (Bos. Mun. Ct. Sept. 27, 2018).  Consequently, the
court simultaneously found Mr. Evariste had violated the terms
of his probation from his 2017 matters.  Unlike the defendants
in *Holmgren* and *Bruzzese*, however, Mr. Evariste's probation in
his 2017 matters was not revoked and he was not ordered to serve
the balance of those suspended sentences.  Instead, the judge

20

merely extended Mr. Evariste's term of probation from his 2017 convictions from August 9, 2017 to March of 2020.[12]

Mr. Evariste was not sentenced to a term of imprisonment greater than was originally imposed and suspended in August of 2017.  Mr. Evariste received separate sentences for his 2018 convictions, including another term of probation that overlapped with his first term of probation.  The SJC's holdings in *Holmgren* and *Bruzzese* dealt with alterations to an earlier-imposed sentence, not with the imposition of a new sentence for a new conviction.  This appears consistent with state law.  More importantly for the matter before me, there is no clearly established federal law that would prevent Mr. Evariste from serving simultaneously multiple, separate terms of probation stemming from separate charges.  Mr. Evariste would not, therefore, as a matter of federal law, be entitled to withdraw his guilty pleas based on the sentences he received in these matters.

2.   Mr. Evariste Fails to Demonstrate that the Appeals Court Unreasonably Applied the Supreme Court's Holding in *Padilla*

Mr. Evariste contends that various acts and omissions by his attorneys deprived him of his Sixth Amendment right to the

---

[12] I note that "[u]nder Massachusetts law the court has the power to extend . . . probation" upon finding the defendant violated probation.  *Commonwealth* v. *Collins*, 583 N.E.2d 262, 264 (Mass. App. Ct. 1991).

competent assistance of counsel.  *See Strickland* v. *Washington*, 466 U.S. 668, 687 (1984); *Hill* v. *Lockhart*, 474 U.S. 52, 59 (1985).  Only Mr. Evariste's claim that counsel failed to warn him of the immigration consequences of his pleas was presented to the Appeals Court and is properly before me.  To the extent that Mr. Evariste's petition can be said to have raised a claim that the Appeals Court unreasonably applied the Supreme Court's holding in *Padilla*,[13] I reject that contention.

An unreasonable application of clearly established principles of federal law occurs when:

> the state court correctly identifies the governing legal principles, but (i) applies those principles to the facts of the case in an objectively unreasonable manner; (ii) unreasonably extends clearly established legal principles to a new context where they should not apply; or (iii) unreasonably refuses to extend established principles to a new context where they should apply.

*Sleeper* v. *Spencer*, 510 F.3d 32, 38 (1st Cir. 2007).  Applying this "strict" standard, *Cronin* v. *Comm'r of Prob.*, 783 F.3d 47, 51 (1st Cir. 2015), I will "only upset the Appeals Court's

---

[13] Mr. Evariste's petition devotes only one sentence to his claim that plea counsel "failed to discuss [non-citizen] status warning[s]" with him and thus provided ineffective assistance. [Dkt. No. 1 at 5.]  Nevertheless, because Mr. Evariste filed his petition without the benefit of counsel, I construe each claim in his petition liberally.  *Erickson* v. *Pardus*, 551 U.S. 89, 93 (2007)(per curiam).  I read his passing reference as a claim that the Appeals Court unreasonably applied the law of *Padilla* v. *Kennedy*, 559 U.S. 356, 371 (2010) by holding Mr. Evariste suffered no prejudice from plea counsel's failure to discuss his immigration status.

decision if [I] conclude that it falls outside of the broader range of reasonable judgements. . . ."  *See Brown* v. *Ruane*, 630 F.3d 62, 73 (1st Cir. 2011) (internal quotation marks omitted) (quoting *Locke* v. *Cattell*, 476 F.3d 46, 51 (1st Cir. 2007)).  I consider the reasoning of the Appeals Court in light of the Supreme Court's definition of constitutionally ineffective assistance, outlined in *Strickland* v. *Washington* and refined in *Padilla* v. *Kennedy*.

*Strickland* provides a two-prong test that a defendant must meet to receive a new trial: "First, the defendant must show that counsel's performance was deficient. . . .  Second, the defendant must show that the deficient performance prejudiced the defense."  466 U.S. at 687.  A defendant who pled guilty based on the incompetent advice of counsel demonstrates prejudice by raising "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.

In *Padilla*, the Supreme Court clarified that a defendant satisfies the first prong of *Strickland* by showing that counsel failed to advise him accurately that his plea carried a risk of deportation.  559 U.S. at 374.  A defendant may only withdraw his guilty plea on these grounds, however, if he can show that he was prejudiced by that failure.  He must establish that there is at least a reasonable probability that, had he been provided

accurate warnings regarding the immigration consequences of his pleas, he would have chosen to go to trial rather than suffer those consequences.  Put differently, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  *Id.* at 372.

Here, the Appeals Court held that Mr. Evariste did not meet his burden of showing he was prejudiced by counsels' alleged failures to discuss the immigration consequences of his pleas. The Appeals Court noted that Mr. Evariste "ma[de] no viable argument in his brief that he had a rational reason to reject the plea agreements . . . [beyond] a general statement, without any factual support, that he might have been acquitted because proof beyond a reasonable doubt is a more stringent standard." *Commonwealth* v. *Evariste*, 2021 WL 303434, at *2.

I have thoroughly reviewed Mr. Evariste's filings to the Appeals Court, and those he presents in support of his habeas petition before me.  I find no reason to conclude that the Appeals Court unreasonably applied the federal principles of law enunciated in *Strickland* or *Padilla*.  The conclusion of the Appeals Court that Mr. Evariste "fail[ed] to allege or support any claim of identifiable prejudice" fell within the range of reasonable judgments in these circumstances.  *Id.*  Consequently, I will leave the Appeals Court's decision undisturbed.  *See Hardy* v. *Cross*, 565 U.S. 65, 72 (2011)(per curiam)("Under AEDPA,

if the state-court decision was reasonable, it cannot be
disturbed.").

### III. CONCLUSION

Mr. Evariste's petition for a writ of habeas corpus, and
his supporting submissions, present a collection of claims that
have not been presented to the state courts in accordance with
the requirements of 28 U.S.C. § 2254; moreover, to the extent
they were presented, they do not warrant the extraordinary
remedy of federal habeas corpus relief.  For these reasons more
fully set forth above, I DISMISS Mr. Evariste's Petition for
Writ of Habeas Corpus [Dkt. No. 1].[14]

In accordance with First Circuit Local Rule 22.0(a), I
hereby deny a certificate of appealability concerning the denial
of petitioner's motion under 28 U.S.C. § 2254.  The petitioner
has not made a substantial showing of the denial of a
constitutional right with respect to his claims.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[14] Because I will dismiss Mr. Evariste's federal habeas petition,
I need not address his additional related motions restating,
purporting to support, and requesting judgment on his claims for
relief pursuant to § 2254.  I have thoroughly reviewed these
motions in my evaluation of Mr. Evariste's habeas petition and
find that they raise no additional meritorious grounds for his
requested relief.